State v. Hunter

———————

STATE OF NORTH CAROLINA v. FRANK HUNTER, JR.

No. 7122SC358

(Filed 23 June 1971)

1. Criminal Law § 23— guilty plea — affirmative showing of voluntariness

The record affirmatively shows that defendant's plea of guilty was made freely, understandingly and voluntarily as required by the decision of Boykin v. Alabama, 395 U.S. 238.

2. Criminal Law § 23— acceptance of guilty plea — necessity for admission of guilt

Contention by defendant that it was error for the court to accept his guilty plea when he had not admitted that he was in fact guilty is without merit.

APPEAL by defendant from *Copeland, Judge,* 4 January 1971 Session, Superior Court of IREDELL County.

The defendant was brought before the 4 January 1971 Session of the Iredell County Superior Court on an indictment charging secret assault. He had earlier been found guilty in district court of driving under the influence and resisting arrest. Defendant's appeal from these two convictions in district court were consolidated with the indictment for secret assault because the charges all arose out of the same incident when defendant allegedly assaulted a North Carolina State Highway Patrolman with a shotgun when the officer had stopped the defendant on suspicion of driving under the influence. Defendant pleaded not guilty to all three charges. During the course of the trial, a bill of information was read to the defendant, charging him with assault with a deadly weapon with intent to kill. Defendant then pleaded guilty to this charge and the two misdemeanors. Defendant formally waived an indictment on the charge of assault with a deadly weapon with intent to kill. Both defendant and his attorneys signed the waiver. The record contains a "Transcript of Plea," signed by the defendant, wherein he indicates that, among other things: he understands what he is charged with; the charge has been explained to him and he is ready for trial; he understands that he has the right to plead not guilty and be tried by a jury; he pleads guilty to all three charges; he has had time to subpoena any witnesses wanted by him; he could be imprisoned for as much as 12 years and 6 months; he is satisfied with his lawyer and he has had time to confer with him; no one has made any promises or threats to get him to plead guilty; he freely, understandingly, and voluntarily authorized his lawyer to enter a plea of guilty in his behalf; he had no further statements to make; and that everything that he had said in this regard was true and correct. The record also contains, by addendum sought by the Attorney General, an "Adjudication" wherein the court found as follows (quoted except where summarized as indicated):

> "The undersigned Presiding Judge hereby finds and adjudges:
>
> I. That the defendant, Frank Hunter, was sworn in open Court and the questions were asked him as set forth in the Transcript of Plea by the undersigned Judge, and the answers given thereto by said defendant are as set forth therein.

II. (Adjudicating that defendant, represented by privately employed counsel, entered a plea of guilty, and in open court under oath informed the Court as follows):

1. He is and has been fully advised of his rights and the charges against him;

2. He is and has been fully advised of the maximum punishment for said offense(s) charged, and for the offense(s) to which he pleads (guilty) (nolo contendere);

3. He is guilty of the offense(s) to which he pleads guilty;

4. He authorizes his attorney to enter a plea of (guilty) (nolo contendere) to said charge(s);

5. He has had ample time to confer with his attorney, and to subpoena witnesses desired by him;

6. He is ready for trial;

7. He is satisfied with the counsel and services of his attorney;

And after further examination by the Court, the Court ascertains, determines and adjudges, that the plea of (guilty) (nolo contendere), by the defendant is freely, understandingly and voluntarily made, without undue influence, compulsion or duress, and without promise of leniency. It is, therefore, ORDERED that his plea of (guilty) (nolo contendere) be entered in the record, and that the Transcript of Plea and Adjudication be filed and recorded.

This 6 day of Jan., 1971."

*Attorney General Morgan by Staff Attorney Eatman and Staff Attorney Mitchell for the State.*

*Thomas K. Spence for defendant appellant.*

MORRIS, Judge.

[1, 2] All of defendant's assignments of error essentially contend that the defendant's plea of guilty was not freely, understandingly and voluntarily given according to the federal guidelines set out in *Boykin v. Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.Ct. 1709 (1969). In *Boykin,* the Supreme Court set

out three constitutional rights which were forfeited by a plea of guilty: the right not to incriminate one's self; the right to trial by jury; and the right to confront one's accuser. The Court then said: "We cannot presume a waiver of these three important federal rights from a silent record." *Boykin v. Alabama, supra.* This is certainly not the case here. The record is far from silent on this point. Defendant signed a transcript of plea in which he shows that he freely, understandingly and voluntarily pleaded guilty to the offenses with which he was charged. From defendant's answers to the questions propounded, the court found as a fact that defendant freely, understandingly and voluntarily pleaded guilty to the offenses with which he was charged. As to defendant's contention that it was error for the court to accept defendant's plea of guilty when defendant never admitted that he was in fact guilty, see *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162, 91 S.Ct. 160 (1970), where the Supreme Court said:

> "Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."

We have carefully examined all of defendant's assignments of error and find them to be without merit.

In the proceedings in the trial court we find

No error.

Judges BROCK and HEDRICK concur.