STATE OF NORTH CAROLINA v. DAVID EUGENE CRAIN

No. 8429SC313

(Filed 5 March 1985)

**1. Robbery § 6.1— two counts—sentences not required to be consecutive**

Where two or more armed robbery offenses are being disposed of in the same sentencing proceeding, the sentences are not required by G.S. 14-87 to be consecutive because defendant is not yet serving a sentence for any of the counts at the time of the sentencing proceeding; the court may impose consecutive sentences, but is not required to do so.

**2. Criminal Law § 23.3— guilty plea—understanding of sentence**

The trial court properly found that defendant entered a guilty plea freely, understandingly and voluntarily, despite defendant's evidence that his plea was based on information from his attorney that he would receive only a 7-year sentence, where defendant signed a plea transcript which detailed the offenses to which he was pleading guilty and the possible sentences he would receive, including the minimum of 14 years per count for armed robbery. G.S. 15A-1022.

**3. Constitutional Law § 48— effective assistance of counsel—failure to subpoena character witnesses**

In a prosecution for armed robbery, defendant received effective assistance of counsel even though his counsel did not subpoena character witnesses in an effort to mitigate the sentence because the presumptive sentence and the mandatory sentence for armed robbery are the same. G.S. 14-87(d).

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 2 January 1984 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 7 January 1985.

This is a criminal case in which the defendant, pursuant to a plea arrangement, pleaded guilty to two counts of armed robbery and one count of common law robbery.

Before accepting defendant's plea, the trial court examined defendant pursuant to G.S. 15A-1022 concerning his guilty plea and the possible sentence he could receive. Defendant then signed a plea transcript indicating *inter alia* that he understood the sentence that could be imposed. The trial court concluded that the plea was entered into freely, understandingly and voluntarily, and accepted the guilty plea. Defendant was sentenced to not less than 14 years for each count of armed robbery to run consecutively and a three year sentence for common law robbery to run con-

State v. Crain

currently with the armed robbery sentences. On 4 May 1983 defendant made a motion for appropriate relief which was denied.

In a 28 November 1983 hearing on a second motion for appropriate relief, the State's evidence tended to show that defendant signed a standard plea transcript which included a statement that defendant understood that he could be imprisoned for a maximum of 90 years and a minimum of 14 years and that he understood that his plea bargain called for a sentence of 14 years minimum for each count of armed robbery and three years concurrent for the one count of common law robbery. Defendant's attorney testified that he never told the defendant that he would only receive a sentence of 7 years, but only that he would try to work out a bargain with the district attorney.

On the issue of effectiveness of counsel, defendant's attorney testified that he offered no character witnesses because he knew that the defendant would have to receive the statutory minimum sentence because it was also the presumptive sentence for the crimes to which defendant pleaded guilty.

Defendant testified that his attorney informed him that he would only get 7 years for all three counts of robbery, that he was confused when answering the judge's questions when reviewing the plea transcript, and that he believed that if he cooperated with the district attorney, he would only get 7 years. Defendant testified that his attorney had only talked to him two or three times and that the attorney failed to call any character witnesses in order to try to reduce his sentence. Defendant's pastor testified that after talking to defendant's attorney he was under the impression that the sentence would run concurrently.

From denial of his motions for appropriate relief, defendant appeals.

*Attorney General Edmisten by Assistant Attorney General Nonnie F. Midgette, for the State.*

*Randy D. Duncan, for the defendant-appellant.*

EAGLES, Judge.

I

Defendant first assigns as error the trial court's imposition of consecutive 14 year sentences. Defendant argues that the trial court erred in determining that the language of G.S. 14-87, which states that "sentences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder," removes from the trial court any discretion as to whether the sentences for armed robberies tried or disposed of at the same time should be consecutive. Defendant urges that the language "any sentence being served" means a prison term actually in effect pursuant to a judgment and order of commitment at the time defendants are being sentenced under this statute. Here, defendant had no prior convictions and at the time of this court appearance was not serving a sentence.

[1]   We hold that, where two or more armed robbery offenses are being disposed of in the same sentencing proceeding, the sentences are not required by G.S. 14-87 to be consecutive to one another because the defendant is not yet serving a sentence for any of the counts at the time of the sentencing proceeding. The sentencing court may impose consecutive sentences, but it is not *required* to do so. For this reason, the consecutive sentence imposed in 82CRS0288 is vacated and remanded for the trial court's determination, in its discretion, on whether to impose consecutive or concurrent sentences.

II

[2]   Defendant next assigns as error, the trial court's holding that defendant's guilty plea was entered freely, understandingly and voluntarily. We find no error.

Defendant's evidence tended to show that his attorney informed him that he would only receive a 7 year sentence. Defendant also contends that he entered his plea of guilty based on his understanding of the information that he received from his attorney. The State's evidence from the plea transcript, the court's questions to defendant and the testimony of defendant's attorney all tend to support the State's contention that defendant was properly and adequately informed of the consequence of his plea

and that he entered into the plea arrangement freely, knowingly and voluntarily.

In *State v. Thompson*, 16 N.C. App. 62, 190 S.E. 2d 877, *cert. denied*, 282 N.C. 155, 191 S.E. 2d 604 (1972), we held that evidence that the defendant signed a plea transcript and the judge made careful inquiry of the defendant regarding his plea, is sufficient to show that the plea was entered into freely, understandingly and voluntarily. *See also State v. Hunter*, 11 N.C. App. 573, 181 S.E. 2d 752, *affirmed*, 279 N.C. 498, 183 S.E. 2d 665 (1971); *cert. denied, Hunter v. North Carolina*, 405 U.S. 975 (1972). Here defendant signed a plea transcript which detailed the offenses to which he was pleading guilty, and the possible sentences he could receive, including the minimum of 14 years per count of armed robbery. Based on the evidence before the trial court, we hold that there was no error in the acceptance of the plea tendered by defendant and that defendant tendered his guilty plea freely, voluntarily and understandingly.

### III

**[3]** Defendant's last assignment of error concerns the trial court's findings that defendant received effective assistance of counsel. Defendant contends that his counsel was inadequate. We disagree.

Defendant argues that effective assistance of counsel requires that his counsel should have subpoenaed character witnesses in an effort to mitigate the sentence. G.S. 14-87(d) provides for a presumptive sentence of 14 years and a minimum sentence of 14 years. *State v. Yarborough*, 64 N.C. App. 500, 307 S.E. 2d 794 (1983). Since the minimum sentence and the presumptive sentence under G.S. 14-87(d) is 14 years, the court may impose that sentence without making any findings of mitigating or aggravating factors. *State v. Horne*, 59 N.C. App. 576, 583-84, 297 S.E. 2d 788, 793 (1982). The trial court found no aggravating factors. Because the law provides that 14 years is the mandatory minimum sentence, the sentence could not be less than 14 years for each count of armed robbery, notwithstanding the persuasiveness of any evidence in mitigation. For this reason, there is no basis for complaint about counsel's services based on his failure to present character witnesses.

We note that for a defendant to receive a new trial based on ineffective assistance of counsel, defendant must show: (1) that his counsel's performance was defective and (2) his defective performance prejudiced the defendant. *Strickland v. Washington*, --- U.S. ---, 104 S.Ct. 2052, *reh. denied*, --- U.S. ---, 104 S.Ct. 3562 (1984). The proper standard for evaluating counsel's performance is a rule of reasonableness based on the totality of the circumstances. Under this standard defendant must show that a different result at trial could occur. Defendant has not met this burden.

For the reason stated, we vacate the consecutive sentence imposed in 82CRS0288 and remand for resentencing in accordance with this opinion.

In all other respects, we affirm the trial court.

Affirmed as to 82CRS0287 and 82CRS0289; vacated and remanded as to 82CRS0288.

Judges WEBB and COZORT concur.