STATE OF NORTH CAROLINA v. DUANE THOMAS

No. 8626SC767

(Filed 21 April 1987)

**1. Robbery § 4.2 — armed robbery — endangering life — evidence sufficient**

   The trial court did not err by denying defendant's motion to dismiss a charge of robbery of Mrs. Nicoll with a dangerous weapon where, although defendant contended that there was no substantial evidence to show that his violence was not solely for the purpose of taking Mr. Nicoll's property, Mrs. Nicoll had been standing about a foot from her husband during defendant's assault upon him and she had seen defendant reach for her husband's notebook, knock him to the ground, and take his wallet and watch. Defendant clearly made a threat to Mrs. Nicoll's life which continued through the time he took Mrs. Nicoll's shoulder bag. N.C.G.S. § 14-87(a).

**2. Robbery § 5.2 — armed robbery — erroneous instructions on threat to life — not plain error**

   The trial court erred in an armed robbery prosecution by instructing the jury that defendant was guilty if he had carried property away from Mrs. Nicoll by threatening her or her husband's life where the indictment charged only that Mrs. Nicoll's life had been threatened. However, defendant did not object at trial and there was no plain error because the evidence that Mrs. Nicoll's life was threatened was overwhelming.

**3. Robbery § 6.1 — two convictions — one sentencing hearing — consecutive sentences not required**

   Consecutive sentences for two armed robbery convictions were vacated and the case remanded for resentencing where it appeared from the record that the trial judge mistakenly believed that N.C.G.S. 14-87(d) required consecutive sentences even though the offenses were being disposed of in the same sentencing hearing.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 11 February 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 5 January 1987.

   *Attorney General Lacy H. Thornburg, by Special Deputy Attorney General George W. Boylan for the State.*

   *Assistant Public Defender James E. Williams, Jr., for defendant-appellant.*

GREENE, Judge.

   Defendant was tried for robbery with a dangerous weapon from George Nicoll and robbery with a dangerous weapon from

Laurence Dorilla Nicoll. The jury returned a verdict of guilty to both charges, and the trial judge sentenced defendant to 28 years in prison.

The evidence offered during the course of the trial tends to show that on or about 11:30 p.m. on 18 April 1985, Mr. and Mrs. Nicoll pulled their car into the parking lot of their apartment complex in Charlotte. They got out of the car—he from the driver's side, she from the passenger's. As the couple turned toward the apartment building, defendant stood in front of Mr. Nicoll with what appeared to be a shotgun. Two inches of the barrel protruded from a dark cloth. The defendant held the end of the barrel about nine inches from Mr. Nicoll's face. He reached for a notebook protruding from Mr. Nicoll's pocket. When Mr. Nicoll began to explain he had no money there, defendant hit him across the face and he fell to the ground, bleeding from the wound. Then defendant straddled Mr. Nicoll and took his wallet and wristwatch.

During this time, Mrs. Nicoll was about a foot away from her husband. She witnessed the entire assault. After the defendant had taken Mr. Nicoll's wallet and watch, he stepped away from him, and Mrs. Nicoll went toward her husband. As she did, the strap of her shoulder bag slipped off her shoulder onto her upper arm. With the weapon still in his hand, defendant took the shoulder bag from her arm and left. The defendant did not strike Mrs. Nicoll, never pointed the gun at her and never spoke to her.

At the end of State's evidence, defendant moved to dismiss both counts of robbery with a dangerous weapon for insufficient evidence. The trial court denied the motions and instructed the jury on both charges. The jury returned with verdicts of guilty. The trial judge gave the presumptive sentence of 14 years for each charge and ordered the sentences to run consecutively.

Defendant appeals and presents three issues: (1) whether the trial court erred in denying defendant's motion to dismiss the charge of robbery of Mrs. Nicoll with a dangerous weapon, (2) whether the court's instructions to the jury were proper, and (3) whether the court committed error in sentencing the defendant.

I

[1]   Defendant argues on appeal there was insufficient evidence
he robbed Mrs. Nicoll with a dangerous weapon.

The relevant statute is N.C. Gen. Stat. Sec. 14-87(a):

> Any person or persons who, *having in possession* or with
> the use or threatened use of any firearms or other dangerous
> weapon, implement or means, *whereby the life of a person is
> endangered or threatened*, unlawfully takes or attempts to
> take personal property from another . . . shall be guilty of a
> Class D felony. (Emphasis added.)

The crimes described by this statute are commonly known as
armed robbery and attempted armed robbery. Defendant con-
tends the record contains no evidence he took Mrs. Nicoll's
shoulder bag by threatening or endangering her life with a
firearm.

The possession, use or threatened use of a firearm is a
separate element from "endangering or threatening" the life of a
person in the crime of armed robbery. *State v. Joyner*, 295 N.C.
55, 63, 243 S.E. 2d 367, 373 (1978). The mere possession of a
firearm during the course of taking property is not a violation of
N.C. Gen. Stat. Sec. 14-87(a), *State v. Gibbons*, 303 N.C. 484, 279
S.E. 2d 574 (1981); the firearm must be used to endanger or
threaten the life of a person as that element is the essence of
armed robbery. *State v. Covington*, 273 N.C. 690, 161 S.E. 2d 140
(1968).

Defendant contends Mrs. Nicoll's life was not endangered or
threatened within the meaning of the statute because there was
no substantial evidence to show his violence was not solely for
the purpose of taking Mr. Nicoll's property. He contends he took
Mrs. Nicoll's shoulder bag as an afterthought and though the evi-
dence might be sufficient to prove common law robbery, it was
not sufficient to prove armed robbery. He concedes if he had
taken Mrs. Nicoll's shoulder bag while pointing the gun at her or
told her to give him her shoulder bag and verbally threatened her
life, he would have committed armed robbery. However, it is
clear from the evidence that defendant did threaten the life of
Mrs. Nicoll. Defendant's assault of Mr. Nicoll in order to take his

property spoke louder than any words of threat could have spoken to Mrs. Nicoll.

Mrs. Nicoll was aware of defendant's taking her purse from her arm; she did not resist. She had been standing about a foot from her husband during defendant's assault upon him. While standing there, she had seen defendant reach for her husband's notebook then knock him to the ground. She had then seen defendant take her husband's watch and wallet. It is clear from this evidence that defendant made a threat to Mrs. Nicoll's life. The threat did not end when defendant finished robbing Mr. Nicoll but continued through the time he took Mrs. Nicoll's shoulder bag. Evidence of a continuing threat meets the element of endangering or threatening a person's life in an armed robbery charge. *See State v. Joyner,* 295 N.C. 55, 64, 243 S.E. 2d 367, 373 (1978). Accordingly, we find the trial court did not err in denying defendant's motion to dismiss the charge of robbery of Mrs. Nicoll with a dangerous weapon.

## II

**[2]** Defendant next complains of a jury instruction to which he did not object at trial.

In Case No. 85CRS31915, the trial court instructed the jury that if they found beyond a reasonable doubt that, among other things, defendant had carried property away from Mrs. Nicoll without her voluntary consent "by endangering or threatening *her or her husband's life* with the use or threatened use of a gun," then it would be their duty to return a verdict of guilty of robbery with a firearm. The indictment in Case No. 85CRS31915, however, charged only that *Mrs. Nicoll's life* was endangered or threatened.

The trial court erred in permitting the jury to convict upon a theory not supported by the bill of indictment. *See State v. Taylor,* 301 N.C. 164, 170, 270 S.E. 2d 409, 413 (1980); *State v. Dammonds,* 293 N.C. 263, 272, 237 S.E. 2d 834, 840-41 (1977). The question then is whether this error is prejudicial.

In *State v. Brown,* 312 N.C. 237, 248, 321 S.E. 2d 856, 863 (1984), the Supreme Court stated that such error is generally prejudicial. But where there was no timely objection to the error, we must decide whether the instructions constitute "plain error"

under *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). *State v. Brown* at 248, 321 S.E. 2d at 862; *see also* N.C. Rules of App. Pro., Rule 10(b)(2).

The *Odom* test is whether there is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice could not have been done, . . . or where it can fairly be said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty." *Odom*, at 660, 300 S.E. 2d at 378. (Citations omitted.) Under *Odom*, the defendant has the burden of proving the existence of plain error and must establish that without the error the jury probably would have reached a different verdict. *State v. Walker*, 316 N.C. 33, 39, 340 S.E. 2d 80, 83 (1986).

We have reviewed the record and hold defendant has not shown the jury probably would have reached a different verdict had the trial court not made the error complained of. The evidence that defendant, in the presence of Mrs. Nicoll, violently struck and injured Mr. Nicoll in order to obtain Mr. Nicoll's property and then took Mrs. Nicoll's shoulder bag is uncontradicted. Therefore, the evidence that Mrs. Nicoll's life was threatened is overwhelming. It is not probable that the instructional error had an impact on the jury's finding of guilt. Therefore, there was no plain error in the court's instruction.

## III

[3] N.C. Gen. Stat. Sec. 14-87(d) provides in pertinent part: "Sentences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder."

From the record it appears the trial court was under the impression N.C. Gen. Stat. Sec. 14-87(d) requires consecutive sentences for a defendant convicted of more than one armed robbery charge even though the offenses are being disposed of in the same sentencing hearing. After the entry of guilty verdicts, the trial judge noted upon sentencing:

> Well, we don't have much discretion in these matters and even though Mr. Thomas has a prior — has prior convictions, I think that I'll impose the presumptive sentence in each case but they have to run consecutively.

We held in *State v. Crain*, 73 N.C. App. 269, 326 S.E. 2d 120 (1985), "where two or more armed robbery offenses are being disposed of in the same sentencing proceeding, the sentences are not required by G.S. 14-87 to be consecutive to one another. . . ." *Id.* at 271, 326 S.E. 2d at 122. The sentencing court may impose consecutive sentences, but is not required to do so.

Because of the mistaken belief of the trial judge, the consecutive sentence imposed in No. 85CRS31915 is vacated and remanded for the trial court's determination, in its discretion, whether to impose consecutive or concurrent sentences.

## IV

For the reasons stated herein, the consecutive sentence imposed in No. 85CRS31915 is vacated and remanded for resentencing in accordance with this opinion. In the denial of defendant's motion to dismiss No. 85CRS31915 and the court's instruction to the jury, we find no error.

Chief Judge HEDRICK and Judge JOHNSON concur.