STATE OF NORTH CAROLINA v. TYRONE LEROY BROOKS, JR.

No. 9116SC191

(Filed 18 February 1992)

**1. Robbery § 6.1 (NCI3d) — robbery — consecutive sentences — not required**

Consecutive sentences imposed for two armed robberies were vacated and remanded for determination of whether consecutive or concurrent sentences should be imposed where a statement by the court indicated that the court concluded that consecutive sentences were required by N.C.G.S. § 14-87(d). The sentencing court may in its discretion impose consecutive sentences, but it is not required to do so.

**Am Jur 2d, Criminal Law § 552; Robbery § 83.**

**2. Criminal Law § 145 (NCI4th) — guilty plea — factual basis**

The trial court must first determine that there is a factual basis for a guilty plea, which may be presented in the form of a statement by the prosecutor or which may be based on

other information properly brought to the court's attention, but which must be in the record. The Transcript of Plea alone does not provide an adequate factual basis for the plea.

**Am Jur 2d, Criminal Law §§ 469-472, 489.**

3. **Conspiracy § 44 (NCI4th)— conspiracy to commit armed robberies—one agreement to commit multiple offenses—one sentence**

One of two sentences for conspiracy to commit armed robbery was vacated where the evidence pointed only to the existence of a single agreement to commit both robberies.

**Am Jur 2d, Conspiracy §§ 11, 39.**

4. **Criminal Law § 145 (NCI4th)— guilty pleas—factual basis—adequate**

A statement by the prosecutor, though brief, was sufficient to establish a factual basis for defendant's plea of guilty to misdemeanor traffic charges.

**Am Jur 2d, Criminal Law §§ 469-472, 489.**

5. **Criminal Law § 1086 (NCI4th)— sentences in excess of presumptive terms—individual findings**

The court complied with N.C.G.S. § 15A-1340.4 when sentencing defendant for multiple offenses where each Judgment and Commitment form recited that the court made findings of factors in aggravation and mitigation of punishment and, although there was only one form upon which these findings are listed, it is clear the court intended to make these findings applicable to each judgment.

**Am Jur 2d, Criminal Law §§ 551, 598, 599.**

6. **Criminal Law § 139 (NCI4th)— guilty plea—mistake as to mandatory minimum sentence—no error**

There was no prejudicial error in the acceptance of a guilty plea entered by defendant where the court mistakenly told defendant that the applicable mandatory minimum sentence was 28 years and the evidence only supported one count of conspiracy to commit armed robbery. Defendant admitted his guilt and understood that he was facing an extended prison

sentence, and neither the prosecution nor the court did anything which influenced or coerced his decision.

**Am Jur 2d, Criminal Law §§ 473, 476, 478.**

APPEAL by defendant from judgments entered 16 August 1990 by *Judge Dexter Brooks* in ROBESON County Superior Court. Heard in the Court of Appeals 7 January 1992.

On 16 August 1990, defendant appeared before the Robeson County Superior Court and pled guilty to two counts of robbery with a dangerous weapon and two counts of conspiracy to commit robbery with a dangerous weapon. He also pled guilty to the misdemeanors of aiding and abetting a person to speed 100 m.p.h. in a 35 m.p.h. zone; operating a vehicle without insurance; aiding and abetting a person to operate a vehicle while impaired; aiding and abetting failure to stop for a blue light and a siren; aiding and abetting speeding to elude arrest; and aiding and abetting careless and reckless driving.

Before accepting defendant's plea, the trial court examined defendant pursuant to G.S. 15A-1022 concerning his guilty plea and the possible sentence he could receive. The court advised defendant that he could be imprisoned for a maximum sentence of one hundred six years and ten months and a minimum sentence of twenty-eight years. Defendant then signed the Transcript of Plea indicating he understood the sentence that could be imposed. The trial court accepted the plea after determining it had been given freely, understandingly and voluntarily and that there was a factual basis for the plea.

Before sentencing, the court determined the aggravating factor outweighed the mitigating factor and defendant was sentenced in excess of the presumptive sentences. Defendant was sentenced to ten years on each count of conspiracy to commit armed robbery and to forty years on each count of armed robbery. All sentences were ordered to run consecutively. For purposes of judgment, the traffic offenses were consolidated with one of the conspiracy charges.

The State's evidence disclosed that on 19 December 1991, defendant and his companion, Charlene Durer (Durer), traveled from Maryland to North Carolina. On the way to Robeson County, they committed robberies in Virginia and Wilson, North Carolina. While in Robeson County, defendant with the use of a handgun robbed

two different businesses, the Southern Inn and Jack's Sixty-Six Station. Further, defendant and Durer had agreed that while defendant committed the robberies, Durer would act as lookout and drive the car. In an attempt to elude arrest, the two became involved in a high speed chase with the police with speeds reaching 100 m.p.h. The police eventually stopped the car and apprehended Durer, however defendant escaped and was not apprehended until several days later. Upon investigation, the police discovered the car was registered to defendant and was uninsured.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General R. Dawn Gibbs, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr. for defendant appellant.*

WALKER, Judge.

[1] On appeal defendant brings forward four assignments of error. He first contends the court erred in imposing consecutive sentences for the two counts of armed robbery in that the court was under the mistaken impression that the law required these sentences to run consecutively. In support of his argument defendant states that prior to sentencing he was asked the following by the trial court:

> Do you understand that upon your plea, you could be imprisoned for a possible maximum sentence of one hundred six years, ten months—and that *the mandatory minimum sentence is twenty-eight years*? (Emphasis added).

Defendant correctly asserts that if the court imposed concurrent sentences on all charges the defendant could only be sentenced to a mandatory minimum of fourteen years since this is the mandatory minimum sentence for robbery with a dangerous weapon under G.S. 14-87(d). This showing by defendant is sufficient to indicate that the court concluded that consecutive sentences were required by G.S. 14-87(d). This Court has determined where two or more armed robbery offenses are disposed of in the same proceeding, consecutive sentences are not required. *State v. Thomas*, 85 N.C.App. 319, 354 S.E.2d 891 (1987); *State v. Crain*, 73 N.C.App. 269, 326 S.E.2d 120 (1985). The sentencing court may in its discretion impose consecutive sentences, but it is not *required* to do so. *State v. Crain, supra.* Where it appears the court believed consecutive sentences were required when in fact such sentencing

was merely discretionary, the imposition of consecutive sentences is erroneous. *State v. Thomas, supra.* For this reason, the consecutive sentences imposed for the two armed robberies are vacated and remanded for the superior court to determine, in its discretion, whether consecutive or concurrent sentences should be imposed.

[2] Defendant next contends one of the convictions for conspiracy to commit armed robbery must be vacated since the evidence disclosed only a single conspiracy to commit several offenses. We agree. Before a plea of guilty can be accepted, the trial court must first determine that there is a factual basis for the plea. *State v. Sinclair,* 301 N.C. 193, 270 S.E.2d 418 (1980). This determination may be based upon evidence in the form of a statement of the facts by the prosecutor. The court may also consider any other information properly brought to its attention. However, the evidence which is considered must appear in the record. If the evidence contained in the record does not support defendant's guilty plea, then the judgment based thereon must be vacated. Standing alone, the Transcript of Plea itself does not provide an adequate factual basis for the plea. *State v. Sinclair, supra.*

[3] In the present case, evidence in support of the guilty plea to the two counts of conspiracy consisted of the following statement by the prosecutor:

> At [the] time [of the robberies] the co-defendant was the driver of the car and assisted [defendant] in leaving from [the] site.
>
> . . . .
>
> The co-defendant is a Charlene Durer and the evidence would show that they had *an agreement* and had traveled from Maryland and made several stops and robbed different people from Maryland down to Lumberton. And *their agreement was* to—for her to be the lookout and to drive the vehicle where—while he went inside the store, threatened with the gun and took the items. (emphasis added).

This evidence does provide a factual basis for the court's acceptance of defendant's plea of guilty to conspiracy. However, the evidence only points to the existence of a single agreement to commit both robberies. In holding a single agreement to commit multiple offenses is only a single conspiracy, this Court in *State v. Medlin,* 86 N.C.App. 114, 121, 357 S.E.2d 174, 178 (1987) stated:

> The essence of the crime of conspiracy is the agreement to commit a substantive crime . . . . When the evidence shows a series of agreements or acts constituting a *single* conspiracy, a defendant cannot be prosecuted on multiple conspiracy indictments consistent with the constitutional prohibition against double jeopardy. (Emphasis in original).

The record shows defendant and Durer pursued the same goal throughout — to commit robberies. The record shows only one agreement to commit multiple offenses. For this reason we remand with instructions for the trial court to arrest the judgment of conspiracy to commit armed robbery in Case No. 89CRS22754.

[4] Defendant also contends the court erred in accepting his guilty pleas to the misdemeanor traffic charges. He argues the evidence in the record was insufficient to support the court's determination that a factual basis existed for the plea of guilty to these offenses. In support of the guilty plea, the prosecutor offered the following statement:

> As far as the misdemeanor [charges], your Honor, the evidence would be that they drove away from one of the stops — and I'm not sure exactly which one, but at that time, at some point they were pursued by Trooper Covington and that the speeds got up to at least a hundred miles per hour. That there was reckless driving, a long chase. That the defendant at one point got out of the car and ran and escaped.

> They stopped the car with Ms. Durer, the co-defendant, in it. The car was registered to the defendant and it was found it did not have the proper insurance.

Even though this is a brief statement by the prosecutor we find it sufficient to establish a factual basis for defendant's plea of guilty. This assignment of error is overruled.

[5] Defendant next assigns error to the trial court's imposition of sentences in excess of the presumptive terms. He argues the court failed to comply with G.S. 15A-1340.4 because it did not make individual findings of aggravating and mitigating factors for each judgment. In the present case, each Judgment and Commitment form recites that the court made findings of factors in aggravation and mitigation of punishment. Although there is only one form upon which these findings are listed, it is clear the court intended to make these findings applicable to each judgment. In

*State v. Fletcher*, 322 N.C. 415, 368 S.E.2d 633 (1988), our Supreme Court approved this procedure. Therefore, this assignment of error is without merit.

**[6]**  In his last assignment of error, defendant contends his guilty pleas should be stricken since they were not made voluntarily or knowingly and instead were made under circumstances where the court mistakingly told defendant the applicable mandatory minimum sentence was twenty-eight years and the evidence supported only one count of conspiracy to commit armed robbery. A plea of guilty must be given with full knowledge and understanding of the consequences. *State v. Pait*, 81 N.C.App. 286, 343 S.E.2d 573 (1986). A plea is not voluntarily and knowingly made unless it is entered into by one fully aware of the direct consequences. *State v. Mercer*, 84 N.C.App. 623, 353 S.E.2d 682 (1987). The record discloses defendant admitted his guilt and understood he was facing an extended prison sentence. Further review shows that neither the prosecution nor the court did anything which influenced or coerced defendant's decision. Accordingly, we hold there was no prejudicial error committed in the acceptance of the plea tendered by defendant.

For the reasons stated, we arrest judgment for conspiracy to commit armed robbery in Case No. 89CRS22754, vacate all the remaining sentences, and remand the case to Robeson County Superior Court for a new sentencing proceeding consistent with our decision.

Arrested in part; vacated in part; and remanded for resentencing.

Judges ARNOLD and PARKER concur.