STATE OF NORTH CAROLINA v. JOHN FRED GAITHER

No. COA02-1477

(Filed 4 November 2003)

**1. Robbery— armed—motion to dismiss—sufficiency of evidence—lesser-included offense of common law robbery**

The trial court did not err by denying defendant's motion to dismiss the charge of armed robbery, or in the alternative, refusing to instruct the jury on the lesser-included offense of common law robbery, because: (1) there was an unlawful taking of shirts from store premises, defendant showed the security officers that he possessed a gun, and the security officers testified that they believed defendant might use the gun; (2) while defendant's use of intimidation occurred after the taking of property, defendant's effort to avoid apprehension by store and mall security officers is an action continuous with the taking and therefore constitutes a part of the robbery attempt; (3) the fact that only one witness to the incident actually observed the gun in defendant's possession goes to the weight of the evidence; and (4) there was no evidence presented to support an instruction on the lesser-included offense of common law robbery.

**2. Evidence— audiotape of 911 call—authentication**

The trial court did not err in an armed robbery and possession of a firearm by a convicted felon case by admitting an audiotape of the 911 call into evidence because the audiotape was properly authenticated by the testimony of two witnesses, both of whom were able to identify their own voice and the voices of each other on the tape.

**3. Evidence— videotaped news report of gun recovery—illustrative purpose**

The trial court did not err in an armed robbery and possession of a firearm by a convicted felon case by admitting a videotaped news report of the gun recovery into evidence, because: (1) the State offered the videotape for the sole purpose of illustrating the testimony of the K-9 officer; and (2) the trial court properly instructed the jury that the videotape was being received into evidence for the limited purpose of illustrating the witnesses' testimony.

**4. Evidence— prior crimes or bad acts—conspiracy to sell and deliver cocaine—authentication**

The trial court did not err in an armed robbery and possession of a firearm by a convicted felon case by admitting evidence of defendant's previous conviction for conspiracy to sell and deliver cocaine allegedly without proper authentication of the document, because: (1) N.C.G.S. § 8C-1, Rule 1005 states that the contents of an official record if otherwise admissible may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original; and (2) a witness testified that the document was an exact copy of the original commitment order, that he observed the original document as it was pulled from county records, and witnessed the copy produced and certified by the clerk of court.

**5. Firearms and Other Weapons— possession of a firearm by a convicted felon—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession of a firearm by a convicted felon even though the possession of a firearm occurred more than five years after the previous felony conviction, because N.C.G.S. § 14-415.1 contains no time bar for this charge.

Appeal by defendant from judgment entered 18 March 2002 by Judge Thomas D. Haigwood in New Hanover County Superior Court. Heard in the Court of Appeals 27 August 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Tina A. Krasner, for the State.*

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III and Terri W. Sharp, attorneys for defendant-appellant.*

TIMMONS-GOODSON, Judge.

John Fred Gaither ("defendant") appeals his convictions of armed robbery and possession of a firearm by a convicted felon. For the reasons stated herein, we hold that defendant received a trial free of prejudicial error.

The evidence presented at trial tended to show the following: On 16 January 2002 at approximately 3:30 p.m., Belk department store security officer Tina Holt ("Holt") and regional loss prevention manager Brian Phillips ("Phillips") observed defendant on the second

floor of the store in Wilmington, North Carolina via a security camera. Defendant drew the two employees' attention because he was wearing a large, heavy coat with a drawstring pulled tightly around the waist. Defendant also appeared to nervously look around the store. Holt and Phillips observed defendant conceal inside his coat nine Polo shirts from the boys' clothing department.

After concealing the shirts, defendant zipped his coat and proceeded out of the boys' department to the escalator. As defendant rode the escalator to the first floor, Holt called for assistance from mall security officers, James Allen ("Allen") and Jeffrey Reece ("Reece"), while Phillips called 911. Belk security officer Caroline Short ("Short") was called to the loss prevention office to monitor the situation via security camera while Phillips communicated with the 911 operator. Short eventually took over the communication with the 911 officer from Phillips.

Holt, Allen and Reece attempted to stop defendant at the bottom of the escalator. As they approached defendant, he immediately put his hands in his pockets. Allen asked defendant to remove his hands from his pockets several times, but defendant refused to do so. Holt, Allen and Reece instructed defendant to accompany them to the loss prevention office, but defendant continued to walk toward the store exit. Allen and Reece placed themselves in front of the exit to prevent defendant from leaving.

As Reece stood in front of defendant, he focused on defendant's hands. Defendant removed his hand from his pocket, and Reece saw the barrel of a small handgun with defendant's right index finger on the trigger of the gun. Defendant said, "You don't—you don't want to do that." Reece immediately moved from defendant's path, and said, "Gun. He's got a gun."

Defendant then exited Belk, walked down the sidewalk for approximately thirty feet and then proceeded into the parking lot, running between cars. Allen and Reece pursued defendant, but remained a distance of twenty feet away out of concern for their safety. Defendant's hands remained in his pockets the entire time he was running. Defendant ran toward Independence Boulevard.

Sergeant Brian Pettuce of the Wilmington Police Department was in the vicinity when the 911 dispatch reported that a shoplifting involving a weapon had occurred. He responded to the call and as he drove on Independence Boulevard he observed defendant run into

the adjacent woods. The sergeant exited his vehicle, drew his weapon, and ordered defendant to come out of the woods and show his hands. Defendant complied with the order and was searched for a weapon. The search revealed no weapon but several Polo shirts were found stuffed inside defendant's coat. He then called for a K-9 unit to respond to the scene to conduct an article search. The K-9 unit recovered a loaded .22-caliber handgun from the woods. The recovery of the handgun was filmed by a local news crew which had responded to police reports of an armed robbery.

As an initial matter, we note that defendant's brief contains arguments supporting only five of the original seven assignments of error on appeal. The two omitted assignments of error are deemed abandoned pursuant to N.C.R. App. R. 28(b)(5) (2002). We therefore limit our review to those assignments of error properly preserved by defendant for appeal.

The issues presented for appeal are whether the trial court erred by (1) denying defendant's motion to dismiss the charge of armed robbery, or in the alternative, refusing to instruct the jury on the lesser-included offense of common law robbery; (2) admitting an audiotape of the 911 call into evidence; (3) admitting a videotaped news report of the gun recovery into evidence; and (4) denying defendant's motion to dismiss the charge of possession of a firearm by a convicted felon.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the charge of armed robbery. Defendant asserts there was insufficient evidence to support the charges. We disagree.

In ruling on a motion to dismiss based on insufficiency of evidence, the trial court must determine whether there is substantial evidence of each element of the offense charged. *See State v. Bullard,* 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith,* 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). When reviewing the evidence, the trial court must consider even incompetent evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *See State v. Brown,* 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Any contradictions or discrepancies in the evidence should be resolved by the jury. *See id.*

In the present case, defendant was convicted of armed robbery. By definition armed robbery is committed when "[a]ny person . . .

who, having in possession or with the . . . threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from . . . any place of business . . ." N.C. Gen. Stat. § 14-87(a). Absent the firearm or dangerous weapon element, the offense constitutes common law robbery. "The mere possession of a firearm during the course of taking property is not a violation of N.C. Gen. Stat. § 14-87(a); the firearm must be used to endanger or threaten the life of a person as that element is the essence of armed robbery." *State v. Thomas*, 85 N.C. App. 319, 321, 354 S.E.2d 891, 893 (1987). "Proof of armed robbery requires that the victim reasonably believed that the defendant possessed, or used or threatened to use a firearm in the perpetration of the crime." *State v. Lee*, 128 N.C. App. 506, 510, 495 S.E.2d 373, 376 (1998). "The State need only prove that the defendant represented that he had a firearm and that circumstances led the victim reasonably to believe that the defendant had a firearm and might use it." *Id.* A defendant's threatened use of his gun is deemed concomitant with and inseparable from his robbery attempt where the evidence shows that (1) the gun was used to facilitate the defendant's escape, and (2) the taking of property coupled with the escape constitutes one continuous transaction. *State v. Cunningham*, 97 N.C. App. 631, 634, 389 S.E.2d 286, 288 (1990). This standard applies even if there is no evidence that defendant used force or intimidation before the taking of property. *Id.*

Viewing the evidence in the light most favorable to the State, there was sufficient evidence presented at trial from which a jury could find that defendant's actions fulfilled all of the elements of armed robbery. First, there was an unlawful taking of the Polo shirts from the store premises. Second, defendant showed the security officers that he possessed a gun. Third, Holt, Allen and Reece testified that they believed defendant might use the gun, and thus were threatened.

The evidence also supports a finding that while defendant's use of intimidation occurred after the taking of property, defendant's effort to avoid apprehension by store and mall security officers is an action continuous with the taking and therefore constitutes a part of the robbery attempt. First, the evidence tends to show that while in the store defendant removed several shirts from a display, concealed them within his coat, and began walking toward the first floor store exits. Then when defendant was approached by three security guards who physically blocked defendant's exit to the street, defendant presented

a gun and made a threatening statement. The defendant did not testify, nor did he present any witnesses to contradict this evidence. Thus, all of the evidence presented permits a reasonable inference of defendant's guilt sufficient to defeat a motion to dismiss. The fact that only one witness to the incident actually observed the gun in defendant's possession goes to the weight of the evidence. In ruling on a motion to dismiss, the trial court is not permitted to weigh the evidence. Thus, we conclude that in the light most favorable to the State there was sufficient evidence from which the jury could find that defendant committed armed robbery. Therefore, the trial court did not err in denying defendant's motion to dismiss the charge of armed robbery.

Next, we address defendant's argument that the trial court erred in refusing to instruct the jury on the lesser-included offense of common law robbery. The North Carolina Supreme Court has held that:

> where the uncontroverted evidence is positive and unequivocal as to each and every element of armed robbery, and there is no evidence supporting defendant's guilt of a lesser offense, the trial court does not err in failing to instruct the jury on the lesser included offense of common law robbery.

*State v. Peacock*, 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985). "The sole factor determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981).

As stated *supra*, there was no evidence presented to support an instruction of the lesser-included offense of common law robbery. The trial court therefore did not err by not instructing the jury on the lesser-included offense of common law robbery.

[2] Defendant next argues that the trial court improperly allowed the State to introduce an audiotape of the telephone call by Phillips and Short to 911 emergency services. We disagree.

Defendant argues that the tape was not properly authenticated and therefore should not have been admitted into evidence. Defendant assigned error to the failure of the trial court to apply the foundational standard for the admission of tape recorded evidence as set out in *State v. Lynch*, 279 N.C. 1, 181 S.E.2d 561 (1971).

The seven-prong test established in *Lynch* has been superceded by North Carolina Rule of Evidence 901, which states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C. Gen. Stat. § 8C-1, Art. 9. The Rule further states that a voice may be identified "whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." *Id. See State v. Stager*, 329 N.C. 278, 315-17, 406 S.E.2d 876, 897-98 (1991); *State v. Martinez*, 149 N.C. App. 553, 559-60, 561 S.E.2d 528, 532 (2002). In *State v. Rourke*, this Court concluded that where two of the parties to a 911 call identified their own voices and the voices of two additional parties to the call on an audiotape, there was sufficient evidence to authenticate the tape as a recording of the 911 call made during the incident in question. 143 N.C. App. 672, 676, 548 S.E.2d 188, 191 (2001). Thus, we hold that the audiotape presented in this case was properly authenticated by the testimony of Phillips and Short, both of whom were able to identify their own voice and the voices of each other on the tape. The trial court therefore did not err in overruling defendant's objection to the admission of the tape into evidence on grounds of authentication.

**[3]** Defendant next argues that the trial court improperly allowed the State to introduce a video news report of the K-9 unit recovering a gun from the scene where defendant was apprehended. The evidence presented tends to show that a television news crew arrived at the scene after the suspect was apprehended and while the K-9 unit search for the weapon was in progress.

Videotapes are admissible under North Carolina law for both illustrative and substantive purposes. *Campbell v. Pitt County Memorial Hosp.*, 84 N.C. App. 314, 352 S.E.2d 902, *aff'd*, 321 N.C. 260, 362 S.E.2d 273 (1987), *overruled on other grounds by Johnson v. Ruark Obstetrics & Assoc.*, 327 N.C. 283, 395 S.E.2d 85 (1990). The North Carolina Rules of Evidence provide that "[a]ny party may introduce a . . . video tape . . . as substantive evidence upon laying a proper foundation and meeting other applicable evidentiary requirements. This section does not prohibit a party from introducing a photograph or other pictorial representation solely for the purpose of illustrating the testimony of a witness." N.C. Gen. Stat. § 8-97.

In the present case, the trial transcript reflects that the State offered the videotape for the sole purpose of illustrating the

testimony of the K-9 officer. Additionally, the trial judge properly instructed the jury that the "videotape was being received into evidence for the limited purpose of illustrating the witnesses's testimony. . . ." Therefore, the trial court did not err in admitting the videotape into evidence.

**[4]** Defendant's final argument is that the trial court erred in admitting evidence of defendant's previous conviction without properly authenticating the document. We disagree.

The evidence admitted was a Judgment and Commitment of defendant's prior conviction for conspiracy to sell and deliver cocaine. State's witness, Detective Brad Overman ("Overman") testified that the document was an exact copy of the original commitment order, that he observed the original document as it was pulled from the Sampson County records, and witnessed the copy produced and certified by the Clerk of Court.

North Carolina Rule of Evidence 1005 states that "[t]he contents of an official record . . . if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. N.C. Gen. Stat. § 8C-1, Art. 10. The Judgment and Committment constitutes a certified official record of defendant's prior conviction per the seal and signature of the Deputy Clerk of Superior Court. The trial record tends to show that Overman testified that the Judgment and Commitment was correct. Therefore, we conclude that the document was properly authenticated.

**[5]** Defendant also argues that because the possession of a firearm occurred more than five years after the previous felony conviction, this Court's ruling in *State v. Alston* precludes a conviction on this charge. 131 N.C. App. 514, 518, 508 S.E.2d 315, 318 (1998). We disagree. *Alston* is superceded by the current language of N.C. Gen. Stat. § 14-415.1 which contains no time bar for this charge. We therefore overrule defendant's final assignment of error.

For the reasons contained herein, we hold that the trial court did not err.

No error.

Judges HUNTER and ELMORE concur.