STATE OF NORTH CAROLINA
v.
TERRY LAMONT SHOFFNER.
No. COA08-120
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Robert R. Gelblum, for the State.
Geoffrey W. Hosford for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from his conviction by a jury of robbery with a dangerous weapon. At trial, the State introduced evidence tending to show the following:
A few days prior to 17 June 2005, defendant and his girlfriend Anisa Anull Jones, along with Ms. Jones' four-year-old son, stole several drills from a Home Depot store in Durham. The theft was accomplished by pushing the drills through an opening in a gate at the back of the store's garden center and then later loading the drills into a car behind the store. This theft was observed by store employees on surveillance video, but the store was unable to stop the theft.
On 17 June 2005, loss-prevention investigator Dwayne Duncan and a co-worker, George Clay, observed defendant, Jones and the child again take drills from the store and push them through the garden center gate. After the group exited the store, they were stopped by Duncan and Clay. When Duncan and Clay approached defendant, grabbed defendant's hands and demanded that he come back into the store, defendant pulled a box cutter out of his pocket and started swinging it at Duncan and Clay.
Duncan and Clay retreated back inside the store but were able to detain Jones and the child. When defendant became aware that Duncan and Clay had handcuffed Jones, defendant attempted to re-enter the store with the box cutter in his hand. However, a store cashier was able to close the store before defendant could enter. Defendant next walked around to the back of the store, placed the drills in his car and left.
Defendant's sole assignment of error on appeal is that the trial court improperly denied his motion to dismiss because there was insufficient evidence to support his conviction for armed robbery. When reviewing a motion to dismiss, we view "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79 (2005). A trial court may properly deny a motion to dismiss where "substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator." Id. "Substantial evidence is such relevant evidenceas a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
Defendant contends that the evidence presented by the State failed to show that defendant used or threatened to use the box cutter during the robbery. The crime of robbery with a dangerous weapon is defined under N.C. Gen. Stat. § 14-87(a) as follows:
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C. Gen. Stat. § 14-87(a) (2007). "The mere possession of a [dangerous weapon] during the course of taking property is not a violation of N.C. Gen. Stat. § 14-87(a); the [dangerous weapon] must be used to endanger or threaten the life of a person as that element is the essence of armed robbery." State v. Thomas, 85 N.C. App. 319, 321, 354 S.E.2d 891, 893 (1987) (citation omitted). A defendant's threatened use of a dangerous weapon is "deemed concomitant with and inseparable from his robbery attempt where the evidence shows that (1) the [dangerous weapon] was used to facilitate the defendant's escape, and (2) the taking of property coupled with the escape constitutes one continuous transaction." State v. Gaither, 161 N.C. App. 96, 100, 587 S.E.2d 505, 508 (2003), rev. denied, 358 N.C. 157, 593 S.E.2d 83 (2004).
Defendant argues that the evidence failed to show that his use of the box cutter was part of one continuous robbery transaction. Specifically, he asserts that because the drills had already been removed from the store and were "hundreds of feet away" when he threatened the store employees, his use of the box cutter was not concomitant with the theft of the drills. We find defendant's argument to be wholly without merit.
This Court has held that a defendant's use of a dangerous weapon to avoid apprehension even after defendant has taken property is sufficient to sustain a conviction for armed robbery. Id. Here, the evidence clearly shows that defendant's use of the box cutter not only enabled his escape from apprehension by the store's employees, but actually allowed him to complete his theft of the drills which were still on store property. Consequently, defendant's assignment of error is overruled.
No error.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).