STATE OF NORTH CAROLINA v. ROBERT LEE-EDWARD PATTERSON

No. COA12-356

(Filed 16 October 2012)

**1. Appeal and Error—preservation of issues—failure to object at trial—court's failure to exercise discretion at sentencing**

Defendant was entitled to appeal a sentence that he contended resulted from the judge's failure to exercise discretion even though defendant did not object at trial.

**2. Costs—applicable statute—effective date**

The amended version of N.C.G.S. § 7A-304(a), effective 1 July 2011, governed the imposition of court costs against a defendant sentenced on 17 August 2011 for failure to report a change of address as a sex offender.

**3. Costs—court's discretion—failure to exercise**

A judgment that assessed court costs against a sex offender who did not register his change of address was remanded where the trial court erroneously stated that it had no discretion. The holding is limited to those cases in which the record indicates that the trial court misunderstood the law.

**4. Costs—amount—in excess of statutory limit**

In an appeal remanded on other grounds, it was noted that the costs assessed against defendant exceeded the statutorily

**STATE v. PATTERSON**

[223 N.C. App. 180 (2012)]

permissible total and must be limited on remand, if awarded, to amounts authorized by N.C.G.S. § 7A-304.

Appeal by defendant from judgment entered 17 August 2011 by Judge Michael J. O'Fogludha in Alamance County Superior Court. Heard in the Court of Appeals 12 September 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Don Willey, for defendant-appellant.*

CALABRIA, Judge.

Robert Lee-Edward Patterson ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of failure to report his change of address as a sex offender. We remand for resentencing.

## I. Background

On 1 March 2011, Lieutenant Kenneth Evans ("Lt. Evans") of the Alamance County Sheriff's Office ("the Sheriff's Office") went to 3320 Woods Chapel Road in Graham, North Carolina, to serve defendant with legal documents. When Lt. Evans arrived, defendant's father answered the door and informed him that defendant no longer resided at that address. Although the address was registered to defendant in the Sheriff Office's sex offender registry, he had not resided there since Christmas of 2010.

Defendant was subsequently arrested and indicted for failure to report his change of address as a sex offender. On 17 August 2011, defendant was tried by a jury in Alamance County Superior Court. The jury returned a verdict finding defendant guilty that same day.

The trial court sentenced defendant to a minimum of 22 months to a maximum of 27 months in the North Carolina Department of Correction. In addition, the trial court ordered defendant to pay $1,954.50 in court costs. The court stated that "I have no discretion but to charge court costs and I'll impose that as a civil judgment." Defendant appeals.

## II. Imposition of Court Costs

Defendant argues that the trial court erred by failing to exercise its discretion when ordering defendant to pay court costs. We agree.

[1] While defendant did not specifically object to the imposition of court costs at trial, N.C. Gen. Stat. § 15A-1446(d)(18) (2011) permits

a defendant to seek appellate review of his sentence without objection if "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." Consequently, we address the merits of defendant's arguments.

A. Governing Version of N.C. Gen. Stat. § 7A-304(a)

[2] The imposition of court costs is governed by N.C. Gen. Stat. § 7A-304 (2011). Initially, we note that both defendant and the State contend that a previous version of this statute applies to defendant's case. Prior to 1 July 2011, N.C. Gen. Stat. § 7A-304 stated, in relevant part:

> In every criminal case in the superior or district court, wherein the defendant is convicted, or enters a plea of guilty or nolo contendere, or when costs are assessed against the prosecuting witness, the following costs shall be assessed and collected, except that when the judgment imposes an active prison sentence, costs shall be assessed and collected only when the judgment specifically so provides, and that no costs may be assessed when a case is dismissed.

N.C. Gen. Stat. § 7A-304(a) (2009). Under this version of the statute, a defendant who received an active sentence was only assessed court costs when the trial court specifically assessed them in the defendant's judgment.

In 2011, N.C. Gen. Stat. § 7A-304(a) was amended to its current form. See 2011 N.C. Sess. Law 145 § 15.10.(a). The amended statute states:

> In every criminal case in the superior or district court, wherein the defendant is convicted, or enters a plea of guilty or nolo contendere, or when costs are assessed against the prosecuting witness, the following costs shall be assessed and collected. No costs may be assessed when a case is dismissed. Costs under this section may not be waived unless the judge makes a written finding of just cause to grant such a waiver.

N.C. Gen. Stat. § 7A-304(a) (2011). Under this amended version of the statute, the trial court is no longer required to specifically assess court costs in the judgment of a defendant who receives an active sentence. Instead, a defendant who receives an active sentence is now required to be assessed court costs unless the trial court specifically makes a written finding of just cause to waive these costs. This

version of the statute became "effective July 1, 2011." 2011 N.C. Sess. Law 145 § 32.6.

In the instant case, defendant's trial occurred on 17 August 2011, and the trial court entered judgment that same day. Consequently, the new version of N.C. Gen. Stat. § 7A-304(a), which went into effect on 1 July 2011, several weeks prior to defendant's judgment, is the version of the statute which governs that judgment.

### B.  Imposition of Court Costs

[3] Defendant argues that the trial court was acting under a misapprehension of the law when it assessed court costs in the instant case. Specifically, defendant contends that the trial court incorrectly told defendant that it had "no discretion but to charge court costs and I'll impose that as a civil judgment." Defendant is correct. While the amended version of N.C. Gen. Stat. § 7A-304(a) presumes the assessment of court costs against a defendant who receives an active sentence, the imposition of court costs is not mandated by the statute. Rather, the statute includes a limited exception under which the trial court is permitted to waive court costs upon a finding of just cause. The trial court's statement to defendant suggests that it was unaware of the possibility of a just cause waiver.

In *State v. Brooks*, the trial court erroneously sentenced the defendant to consecutive sentences because it believed that that sentence was required by statute. 105 N.C. App. 413, 416, 413 S.E.2d 312, 314 (1992). This Court vacated the judgment and remanded for resentencing, holding that "[w]here it appears the court believed consecutive sentences were required when in fact such sentencing was merely discretionary, the imposition of consecutive sentences is erroneous." *Id.* at 416-17, 413 S.E.2d at 314.

In the instant case, the trial court's statement to defendant reflects an erroneous belief that the imposition of court costs against defendant was mandatory, such that the court had no discretion but to assess those costs. To the contrary, the statute provides the trial court with limited discretion to waive court costs upon a finding of just cause. Accordingly, under the reasoning of *Brooks*, we vacate the portion of defendant's judgment assessing court costs and remand for resentencing.

In reaching this disposition, we do not intend to suggest that a trial court is required to make an affirmative finding on the record that just cause does *not* exist in order to assess court costs. As previ-

ously noted, under N.C. Gen. Stat. § 7A-304(a), a judgment is presumed to assess court costs unless the trial court makes a specific written finding of just cause to waive the costs. Our holding is limited to those cases, such as the instant case, in which the record indicates that the trial court misunderstood the applicable law. On remand, the trial court is free to either reassess court costs or waive the costs with a finding of just cause.

### C.  Amount of Court Costs

**[4]** Defendant also argues that the amount of court costs ordered by the trial court was not authorized by statute. Since this issue may reoccur on remand, we briefly address it.

N.C. Gen. Stat. § 7A-304 (2011) provides an exclusive list of court costs which may be assessed against criminal defendants after conviction. In the instant case, the trial court assessed costs of $1,954.50. It is not clear from the record how this precise amount was reached. However, the amount of costs assessed significantly exceeds the total amount of permissible costs pursuant to N.C. Gen. Stat. § 7A-304. If the trial court assesses court costs against defendant when he is resentenced, the amount of the costs must be limited to those authorized by N.C. Gen. Stat. § 7A-304.

### III.  Conclusion

The amended version of N.C. Gen. Stat. § 7A-304(a), effective 1 July 2011, governs the imposition of court costs against defendant. The trial court erroneously stated that it had no discretion but to assess court costs against defendant under that statute. As a result, we must vacate the portion of defendant's judgment which assessed court costs and remand for resentencing on that issue. If the trial court reassesses court costs on resentencing, those costs must be limited to the amounts authorized by N.C. Gen. Stat. § 7A-304.

Remanded for resentencing.

Judges ELMORE and STEPHENS concur.