CHARLES H. MONTGOMERY, GUARDIAN AD LITEM FOR THOMAS RICHARD HINTON v. ODELL HINTON

No. 7910SC244

(Filed 19 February 1980)

**Executors and Administrators § 13— executor's sale of devised realty—authority not given by will or statute—necessity for court approval**

   Where a will granted the executor all the powers set forth in G.S. 32-27, neither the will nor G.S. 32-27 gave the executor the authority to sell real property devised to testator's minor son without prior court approval, since title to the real property vested in the devisee son upon testator's death, and the executor did not "hold" the property and it was not at his "disposal" within the meaning of G.S. 32-27.

APPEAL by defendant from *Godwin, Judge.* Judgment entered 11 December 1978, Superior Court, WAKE County. Heard in the Court of Appeals 12 November 1979.

Nehemiah Hinton died testate on 23 June 1978. His will was admitted to probate in Wake County on 13 July 1978, and defendant, executor named therein, was qualified on that date. On 15 September 1978, plaintiff qualified as guardian ad litem for Thomas Richard Hinton, sole devisee under the will. Thomas Richard Hinton, a minor, is the son of testator.

Plaintiff brought this action seeking a declaration of the minor's rights under the will and asking the court to restrain a pending sale, arranged by defendant, of the real property devised to the minor. Plaintiff's complaint and "motion for temporary restraining order and preliminary injunction" was filed 15 September 1978. Defendant filed answer on 20 September 1978, and on 26 September 1978 moved for summary judgment. On 20

November 1978, plaintiff moved for summary judgment and filed affidavit of the minor's mother. Although the record contains a stipulation that "captions and verifications need not be printed in the record," there is no stipulation that the complaint and answer, or either of them, were verified. Nor does the record contain any indication of the ruling, if any, on the "motion for temporary restraining order and preliminary injunction," with the exception that defendant's answer avers that "the defendant has been wrongfully restrained." The court heard the matter on the cross motions for summary judgment and held "that there is a genuine issue as to one or more material facts on the following issues: A) Whether the will in question creates a specific devise of real property to Thomas Richard Hinton; B) Whether the sale of said real property is necessary and in the best interests of Thomas Richard Hinton." The court held that neither of the parties was entitled to summary judgment as a matter of law on these issues. The court further held that "no genuine issue as to any material fact exists concerning the issue of whether the defendant, as executor and guardian under the will in question, has the lawful power and authority under the will and N.C.G.S. 32-27 to sell the real property that is the subject of this action without first obtaining court approval. On this issue the court specifically finds that the powers and authority given Defendant under the will in question and N.C.G.S. 32-27, do not allow the Defendant to sell the real property in question without court approval since neither the will nor North Carolina law confer (sic) any interest, possession or title to the real property in the Defendant that will defeat the rights of the Plaintiff devisee. Plaintiff is thus entitled to partial (summary) judgment as a matter of law as to this issue." Plaintiff does not assign as error the court's first holding, but defendant appealed, assigning as error "[t]he granting of the plaintiff's Motion for Summary Judgment on the ground that the plaintiff is entitled to Judgment as a matter of law."

*Wake-Johnston-Harnett Legal Services, by Gregory C. Malhoit, for plaintiff appellee.*

*Charles H. Montgomery, for Guardian Ad Litem for Thomas Richard Hinton.*

*Fellers & Link, by Carlton E. Fellers, for defendant appellant.*

MORRIS, Chief Judge.

It has been established that summary judgment is an appropriate procedure in a declaratory judgment action. *Frank H. Connor Co. v. Spanish Inns Charlotte,* 294 N.C. 661, 242 S.E. 2d 785 (1978); *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972).

The will of Nehemiah Hinton first directed his executor to pay all of his debts, funeral expenses, costs of administration, and estate and inheritance taxes. The will by Article II provided that:

> After the payment of all such debts, expenses, taxes and obligations, I give, bequeath, devise and appoint unto my son, THOMAS RICHARD HINTON, all of my property of every sort, kind and description, whether real or personal and wheresoever situated, and all other property of whatsoever nature or kind over which I shall have any power of appointment exercisable by will, whether the same be known to me or not, to have and to hold the same absolutely and in fee simple forever, including, but not by limitation, my savings account at First Citizens Bank and Trust Company of Raleigh, 086-2068269, a savings account at First Citizens Bank and Trust (S/N.H.)

> Page Two

> Company of Raleigh for the benefit of THOMAS RICHARD HINTON 0862076064, real property located on Bloodworth Street, Raleigh Township, Wake County, North Carolina, and all my interest in Evans Used Cars.

Article III provided for the appointment of testator's brother, Odell Hinton, as guardian "to have custody of my minor child and to have full guardian powers over the property passing to my minor child both within and without this Will." Article IV appointed Odell Hinton as executor, to serve without bond, and further provided: "By way of illustration and not limitation and in addition to all powers otherwise granted by law, I hereby grant to my Executrix (sic) and any successor hereunder all the powers set forth in North Carolina General Statutes, Section 32-27, and these powers are hereby incorporated by reference and made a part of this instrument.

Defendant contends that the question for decision is whether the testator intended that the executor, his brother, have the right to exercise the power to sell, without prior court approval, real property devised under the terms of his will to his son and that that intention is clearly spelled out in Item IV.

Appellee contends that the testator's will only empowers the executor to sell real property if it is necessary to carry out the purposes of the will, pay debts of the estate, or make distribution of the estate.

Appellant concedes that the executor has no power to sell the land without court approval except when authorized to do so by the will, but contends the will grants that power.

It is elementary that when a person dies testate, title to his real estate vests in his devisees. *Moore v. Jones*, 226 N.C. 149, 36 S.E. 2d ·920 (1946). This rule is codified in G.S. 28A-15-2(b) which provides:

> The title to real property of a decedent is vested in his heirs as of the time of his death; but the title to real property of a decedent devised under a valid probated will becomes vested in the devisees and shall relate back to the decedent's death, subject to the provisions of G.S. 31-39.

Under G.S. 28A-13-3(a)(1) (Supp. 1979), an executor has the "power to take possession, custody or control of the real property of the decedent if he determines [that] such possession, custody or control is in the best interest of the administration of the estate." However, prior to exercising control of the real property, he must follow the provisions of G.S. 28A-13-3(c) which require that he obtain a court order after filing a petition and making the devisees parties to the proceeding and having them served with summons.

Here defendant has not followed this procedure.

G.S. 28A-15-1 makes all of the real and personal property of a decedent available for the payment of debts of the decedent, and G.S. 28A-17-1 provides that the personal representative may apply to the Clerk of Superior Court for an order requiring the sale of realty for the payment of debts and other claims against the estate. Here it is stipulated that there are no debts of the estate which would require the sale of realty.

G.S. 32-27 enumerates powers which may be incorporated by reference in a will pursuant to the authority of G.S. 32-26. The statute in its entirety was incorporated by reference in Item IV of testator's will. Section (2) entitled "Sell and Exchange Property" is the portion of the statute upon which defendant relies. It provides:

> To sell, exchange, give options upon, partition or otherwise dispose of any property or interest therein *which the fiduciary may hold from time to time*, with or without order of court, at public or private sale or otherwise, upon such terms and conditions, including credit, and for such consideration as the fiduciary shall deem advisable, and to transfer and convey the *property* or interest therein *which is at the disposal of the fiduciary*, in fee simple absolute or otherwise, free of all trust, and the party dealing with the fiduciary shall not be under a duty to follow the proceeds or other consideration received by the fiduciary from such sale or exchange. (Emphasis supplied.)

This statute availeth defendant nothing for it is clear that he does not "hold the property," nor is it at his "disposal." To allow an executor to rely on this statute, and nothing more, to justify the sale of property devised under a will would be to grant to all executors unbridled discretion to dispose of devised real estate without showing any reason or necessity therefor and without the knowledge of the devisee. This would obviously be a ridiculous result and just as obviously not the intent of the Legislature.

Here, the testator's intent is clear. He first directs the executor to pay his debts, the costs of administration, and all death taxes. After the payment of those obligations, he gives everything he owns to his son, Thomas Richard Hinton, specifically including in the devise the real estate which is the subject of this lawsuit. We read nothing in the will which gives the executor the power to sell the real estate without the authority given by order of the court.

Because we conclude the executor has no power of sale granted by the will, we do not discuss the doctrine of reconversion.

The portion of the order of the trial court, holding that the powers and authority given defendant under the will and G.S.

32-27 do not allow defendant to sell the real property in question without court approval, from which defendant appeals, is

Affirmed.

Judges PARKER and HILL concur.