DONNIE EARL ROBBINS, Plaintiff-Appellant v. FRANKLIN FREEMAN, Secretary of the North Carolina Department of Correction, in his official capacity; JUANITA BAKER, Chairman of the North Carolina Parole Commission, in her official capacity; ELBERT BUCK, WILLIAM A. LOWRY, CHARLES L. MANN, SR., and PEGGY STAMEY, Members of the North Carolina Parole Commission, in their official capacities, Defendant-Appellees

No. COA96-223

(Filed 5 August 1997)

**1. Criminal Law § 1608 (NCI4th Rev.)— consecutive armed robbery sentences—parole eligibility**

The trial court erred in a declaratory judgment action to determine plaintiff's parole eligibility from consecutive armed robbery sentences by not finding that defendants were required by N.C.G.S. § 15A-1354(b) to aggregate consecutive sentences for armed robberies committed prior to 1 October 1994 for purposes of determining parole eligibility. Other than prescribing that a defendant must serve at least seven years of any sentence for armed robbery, N.C.G.S. § 14-87(c) did not affect how consecutive sentences were to be treated for parole eligibility purposes once the consecutive sentences had been imposed. Furthermore, no statutory authority could be found for the practice of issuing "paper paroles" for the first of consecutive sentences for armed robbery before the inmates are treated as having begun service of the second.

**2. Robbery § 162 (NCI4th)— 1980 robberies—mandated minimum sentence—no gain time reduction**

A defendant who was convicted of robbery charges which arose in 1980 was not entitled to a gain-time reduction of his sentence below the statutorily mandated seven-year minimum where the statute in effect at the time of defendant's convictions allowed a sentence reduction for good behavior, but made no provision for a reduction for gain time. N.C.G.S. § 14-87(c).

Judge Wynn concurring in the result only.

Judge John concurs in the result and joins in Judge Wynn's opinion.

Appeal by plaintiff from order entered 9 January 1996 by Judge Knox V. Jenkins, Jr., in Wake County Superior Court. Heard in the Court of Appeals 24 October 1996.

**ROBBINS v. FREEMAN**

[127 N.C. App. 162 (1997)]

Plaintiff Donnie Earl Robbins is an inmate in the custody of the North Carolina Department of Correction. On 1 April 1982, plaintiff pled guilty to, among other charges, three counts of robbery with a deadly weapon (case numbers 80-CRS-23443, 80-CRS-23442, and 80-CRS-28885). In case number 80-CRS-23443, plaintiff received a sentence of a maximum term of thirty years and a minimum term of fifteen years. In case number 80-CRS-23442, plaintiff received a maximum term of fifteen years and a minimum term of ten years. The sentence imposed in 80-CRS-23442 was to begin at the expiration of the sentence imposed in 80-CRS-23443. The sentence imposed in case number 80-CRS-28885, a maximum term of fifteen years and a minimum term of ten years, was to run concurrently with the sentence imposed in 80-CRS-23442.

Plaintiff filed this action 24 March 1995 for a declaratory judgment determining his parole eligibility. Plaintiff alleged that N.C. Gen. Stat. § 15A-1354(b) requires defendants to aggregate and treat, for parole eligibility purposes, consecutive sentences as a single offense, with the maximum sentence being the total of the maximum terms of the consecutive sentences and the minimum term being the total of the minimum terms of the consecutive sentences. Defendants engage in a process known as "paper parole," whereby an inmate serving consecutive sentences for armed robbery is required to be paroled from the first sentence to a second consecutive sentence before being treated as having begun service of the second sentence for purposes of determining parole eligibility. Plaintiff was "paper paroled" effective 8 March 1993 from the sentence in 80-CRS-23443 and is currently completing service of the sentence imposed in 80-CRS-23442. Plaintiff also alleged he was entitled to a reduction of the 7-year minimum mandatory sentences required by the applicable armed robbery statute to the extent of any gain time earned under N.C. Gen. Stat. § 148-13.

In an order filed 9 January 1996, the trial court held that sentences imposed for armed robberies committed prior to 1 October 1994 may not be aggregated pursuant to G.S. 15A-1354(b), and that inmates sentenced for armed robbery only begin serving the sentence at the completion of a prior sentence or upon having been "paper paroled" from a prior sentence to the armed robbery sentence. The trial court did not address the issue of reduction of the mandatory minimum to the extent of gain time earned. From this order, plaintiff appeals.

*George B. Currin, for plaintiff-appellant.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Jacob L. Safron and Assistant Attorney General David F. Hoke, for defendant-appellees.*

McGEE, Judge.

[1] Plaintiff contends the trial court erred by failing to find that defendants are required, pursuant to G.S. 15A-1354(b), to aggregate consecutive sentences for armed robbery committed prior to 1 October 1994 for purposes of determining parole eligibility. We agree.

In determining the effect of consecutive sentences, the Department of Correction must treat a defendant as if he had been committed for a single term. N.C. Gen. Stat. § 15A-1354(b) (1985). In such a case, the minimum term of imprisonment consists of the total of the minimum terms of the consecutive sentences. G.S. 15A-1354(b)(2). We disagree with defendants' contention that the specific language of the armed robbery statute in effect at the time defendant committed his crimes controls over the provisions of G.S. 15A-1354.

The armed robbery statute applicable to plaintiff's crime, N.C. Gen. Stat. § 14-87(c) (repealed effective 1 July 1981), and its successor, N.C. Gen. Stat. § 14-87(d) (repealed effective 1 January 1995) both state that "[s]entences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any (other) sentence(s) being served by the person sentenced hereunder." Defendants argue the language of these statutes deals "with a subject in detail with reference to a particular situation (armed robbery)" while G.S. 15A-1354(b) "deals with the same subject in general and comprehensive terms" and, therefore, the armed robbery statutes control and negate the computation provisions of G.S. 15A-1354(b). *See State v. Leeper,* 59 N.C. App. 199, 201-02, 296 S.E.2d 7, 8-9, *disc. review denied,* 307 N.C. 272, 299 S.E.2d 218 (1982). As a result, defendants contend armed robbery sentences are not subject to being aggregated for parole eligibility purposes, and inmates sentenced for armed robbery only begin serving time at the completion of the prior sentence or upon having been "paper paroled" to the consecutive armed robbery sentence.

However, while G.S. 14-87 (c) and (d) dealt with when consecutive sentences should be imposed, G.S. 15A-1354(b) mandates how

**ROBBINS v. FREEMAN**

[127 N.C. App. 162 (1997)]

the Department of Correction must treat consecutive sentences once they have been imposed. *See* G.S. 15A-1354, Official Commentary ("Subsection (b) sets out the rules for calculating the effects of consecutive terms . . . in order to determine parole eligibility."). Contrary to defendants' assertions, the armed robbery statute applicable to the plaintiff did not mandate how consecutive sentences should be treated for determining parole eligibility. This Court has previously determined that the statutory language stating "[s]entences imposed pursuant to this section shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder" means only that a sentence for an armed robbery conviction must be consecutive to a prison term already in effect at the time of sentencing. *State v. Crain*, 73 N.C. App. 269, 271, 326 S.E.2d 120, 122 (1985). Where, as here, multiple armed robbery offenses are disposed of in the same sentencing proceeding, they are not required to be consecutive to one another. *Id.* Other than prescribing that a defendant must serve at least seven years of any sentence for armed robbery, G.S. 14-87(c) did not affect how consecutive sentences were to be treated for parole eligibility purposes once the consecutive sentences had been imposed. Further, we can find no statutory authority for defendants' practice of issuing "paper paroles." Therefore, plaintiff's sentences should be aggregated pursuant to G.S. 15A-1354(b) for purposes of determining parole eligibility.

[2] Plaintiff next contends that, for purposes of parole eligibility, he is entitled to a reduction of the seven-year minimum mandatory sentences required in cases 80-CRS-23443 and 80-CRS-23442 to the extent of any gain time granted under N.C. Gen. Stat. § 148-13. We disagree. The armed robbery statute in effect at the time plaintiff committed his crimes read as follows:

> Any person who has been convicted of a violation of G.S. 14-87(a) shall serve the first seven years of his sentence without benefit of parole, probation, suspended sentence, or any other judicial or administrative procedure except such time as may be allowed as a result of good behavior, whereby the period of actual incarceration of the person sentenced is reduced to a period of less than seven years. . . .

> Notwithstanding any other provision of law, neither the Parole Commission nor any other agency having responsibility for release of inmates prior to expiration of sentences, shall

authorize the release of an inmate sentenced under this section prior to his having been incarcerated for seven years except such time as may be allowed as a result of good behavior.

G.S. 14-87(c). The statute allowed a reduction for good behavior, but made no provision for a reduction for gain time. Nevertheless, since G.S. 14-87(c) was repealed effective 1 July 1981, and plaintiff was sentenced on 1 April 1982, plaintiff argues G.S. 14-87(d), which he contends allows a reduction below the seven-year minimum for gain time earned, applies in his case. However, G.S. 14-87(d) applied only to offenses committed on or after 1 July 1981 and plaintiff's criminal charges arose in 1980. 1979 N.C. Sess. Laws ch. 760, § 6, as amended by 1979 N.C. Sess. Laws, 2nd Sess., ch. 1316, § 47; 1981, ch. 63, § 1; and 1981, ch. 179, § 14. Therefore, plaintiff is not entitled to have his sentences reduced below the seven-year minimum to the extent of gain time served.

Because of our decision, we need not address plaintiff's remaining argument. For the reasons stated, the order of the trial court is reversed.

Reversed.

Judge WYNN concurs in the result with separate opinion.

Judge JOHN concurs in the result and joins in Judge WYNN's opinion.

Judge WYNN concurring in the result only.

I disagree with our Court's earlier determination in *State v. Crain*, 73 N.C. App. 269, 326 S.E.2d 120 (1985) that N.C. Gen. Stat. § 14-87 does not require the imposition of consecutive sentences—for sentences imposed on multiple offenses under that section—where "the defendant is not yet serving a sentence for any of the counts at the time of the sentencing proceeding." *Id.* at 271, 326 S.E.2d at 122. Instead, I agree with the State's interpretation of § 14-87 that our legislature intended that consecutive sentences for armed robberies be mandatory under that section rather than discretionary under N.C. Gen. Stat. § 15A-1354(a). In that light, § 15A-1354(b) would have no application in this case because "the consecutive sentences were [not] imposed under the authority of [Article 15A]." N.C. Gen. Stat. 15A-1354(b).

Nevertheless, *Crain* represents binding precedence on this panel. *See, In re Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989) (holding one panel may not overrule another panel). Under *Crain*, because the defendant in this case was not "serving a sentence for any counts at the time of the sentencing proceeding," the trial court necessarily imposed the consecutive sentence terms under § 15A-1354(a). That being the case, § 15A-1354(b) applies and accordingly, I must must concur with the result reached by the majority.