The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Berger. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission adopts the findings of fact found by the Deputy Commissioner as:
 FINDINGS OF FACT
1. Plaintiff is serving two consecutive life sentences for first-degree murder and a third consecutive sentence for armed robbery.
2. Prior to 1997, the Defendant had the following policy in place in order to determine parole eligibility for inmates sentenced to serve consecutive terms: The inmate would have to undergo and receive a parole for each sentence that he had been sentenced to serve before a parole eligibility date releasing the inmate into the community would be established based upon the final sentence received. This policy known as "paper paroling" did not involve the actual release of an inmate into the community. An inmate would be paroled on paper and yet would still remain in custody in order to serve the consecutive sentence that he received.
3. In June 1993, plaintiff was promoted from medium to minimum custody even though he had not been paroled to serve his final sentence. While in minimum custody, plaintiff was eligible to be considered for participation in a work release program.
4. On or about November 12, 1996, Mary Hines directed the plaintiff to be placed back into medium custody because he had not been paroled from the first and/or second sentence that he had received. Plaintiff was no longer eligible to earn the ability to participate in a work release program while in medium custody. Plaintiff was informed that he would not be eligible for parole until January 16, 2000.
5. In 1997, the Court of Appeals in the matter, Robbins v. Freeman
held that the Defendant did not have the authority to require an inmate to be paroled on paper for each term sentenced before a parole eligibility date would be set based upon the final sentence to be served.
6. Plaintiff's legally correct parole eligibility date was June 26, 1996. Plaintiff was eligible for minimum custody at the time that he had been moved from medium custody to minimum custody in 1993.
7. Plaintiff presented insufficient evidence to support a finding that he sustained any psychological damages as a result of the Defendant's actions in removing him from minimum custody in 1996.
8. Plaintiff did not present any evidence of actual damages that he sustained as a result of being delayed from earning the opportunity to participate in a work release program.
9. Plaintiff failed to establish how either Mack Jarvis or Juanita Baker are responsible parties for the policy requiring paper paroles before a parole eligibility date is provided to an inmate serving consecutive sentences.
10. Mary Hines's decision to remove plaintiff from minimum custody was based upon the paper parole policy requirements that she had been trained to follow.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff had a right to a parole eligibility release date being established from the outset of his imprisonment. The Department of Correction had no authority to require paper paroles of both of the plaintiff's life sentences before a parole eligibility date could be set.Robbins v. Freeman, 127 N.C. App. 162, 487 S.E.2d 771 (1997), cert.granted, 347 N.C. 270, 493 S.E.2d 746 (1997), aff'd, 347 N.C. 664,496 S.E.2d 375(1998).
2. Plaintiff has failed to show that any employee with either of the Defendants was negligent in implementing the paper parole policy that resulted in the plaintiff being denied the ability to remain in minimum custody. No evidence was presented as to who established the paper parole policy and how that policy came into effect.
3. Plaintiff has failed to show any damages resulting from his ineligibility to remain in minimum custody for the time period following his removal in 1996. The decision by the Department of Correction to allow an inmate to participate in a work release program is discretionary. Damages based upon lost wages as the plaintiff has alleged are speculative in nature. The Department of Correction had the discretionary authority to deny work release privileges even if the plaintiff had been given a parole eligibility date and had been allowed to remain in minimum custody. The lost wages alleged by the plaintiff in his contentions are not a reasonably foreseeable result of the implementation of the paper parole policy because the Department of Correction retains the discretionary authority to deny an inmate the ability to participate in a work release program. Gobles v. Bounds,13 N.C. App. 579 (1972).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
This the 14th day of December 2001.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER