JAMES E. PRICE, SR.; OLANDER R. BYNUM; CHRISTOPHER PARTIN; LEE WAYNE HUNT; AND KERRY McPHERSON, PLAINTIFFS v. THEODIS BECK, IN HIS OFFICIAL CAPACITY AS SECRETARY, NORTH CAROLINA DEPARTMENT OF CORRECTIONS; AND JUANITA BAKER, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE NORTH CAROLINA PAROLE COMMISSION, DEFENDANTS

No. COA01-1593

(Filed 5 November 2002)

**1. Probation and Parole— recalculation of parole eligibility date—credits—summary judgment—ripeness**

The trial court did not err by concluding a case challenging plaintiff inmate's parole eligibility date being recalculated, which required him to serve a longer term, was ripe for summary judgment even though plaintiff contends a material fact existed as to whether he was entitled to good conduct, gain time, and meritorious time credits to be applied to his life sentence because: (1) the issue of whether plaintiff has a legal right to have credits applied against his life sentence is a matter of law; and (2) there are no material facts in dispute, and the remaining issues are matters of law.

**2. Sentencing— life sentence—minimum service requirement—credits**

The Parole Commission did not err by failing to reduce the minimum service requirement of plaintiff's life sentence with gain time, meritorious time, and good conduct credits, because: (1) N.C.G.S. § 148-13(b) gives the Secretary of the Department of Correction discretion to issue regulations regarding deductions of time from the terms of prisoners for good behavior, meritorious conduct, and the like for Class A, B, and C felons; (2) the Secretary has not issued regulations regarding deductions of time

for Class A, B, and C felons; and (3) plaintiff does not argue that the Secretary has abused his discretion or failed to exercise his discretion by not promulgating regulations.

**3. Constitutional Law— prohibition against ex post facto laws—court's construction of statute different from state agency's prior interpretation**

The retroactive application of case law to plaintiff's parole eligibility resulting in a delay of two years and three months does not violate the constitutional prohibition against ex post facto laws, because: (1) the fact that the Fair Sentencing Act has not undergone substantive change subsequent to the commission of plaintiff's crimes means it is still applicable in plaintiff's case, and the pertinent case law simply construed an existing statute; and (2) a court's construction of a statute that is different from a state agency's prior interpretation is not an ex post facto legislative action.

**4. Constitutional Law— due process—retroactive application of case law**

The retroactive application of case law to recalculate plaintiff inmate's parole eligibility did not violate his due process rights even though plaintiff contends the pertinent case was unforeseeable and thus denied him the chance to accept a plea bargain for a term of years because even assuming the case was unexpected as it changed long-standing policy and practice of the Parole Commission, it was not indefensible by reference to prior law since the decision rested on the express and unambiguous language of N.C.G.S. § 15A-1354(b)(2).

**5. Constitutional Law— equal protection—disparate treatment between inmates**

Although plaintiff inmate contends disparate treatment between inmates with Class B and Class C life sentences under the Fair Sentencing Act results in a denial of equal protection of the laws, plaintiff's argument has no merit because: (1) plaintiff admits that inmates are not a suspect class; and (2) plaintiff fails to show how this disparate treatment is not based on some rational relation to a legitimate governmental objective.

Appeal by plaintiffs from order filed 16 November 1999 by Judge Cy A. Grant, Sr. in Pasquotank County Superior Court. Heard in the Court of Appeals 17 September 2002.

**PRICE v. BECK**

[153 N.C. App. 763 (2002)]

*James E. Price, Sr. pro se plaintiff appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Elizabeth F. Parsons, for defendant appellees.*

GREENE, Judge.

James E. Price, Sr. (Plaintiff)[1] appeals from an order filed 16 November 1999 denying his summary judgment motion and granting summary judgment in favor of Theodis Beck (the Secretary) in his official capacity as Secretary of the North Carolina Department of Corrections (the Department) and Juanita Baker (the Commissioner) in her official capacity as Commissioner of the North Carolina Parole Commission (the Commission).[2]

On 18 May 1999, Plaintiff filed a "Petition Seeking Declaratory Relief and *Writ of Mandamas*" (sic) (the petition). The petition alleged the Commission incorrectly calculated Plaintiff's parole eligibility by not including "meritorious time" and "gain time" credits toward reducing the life sentence portion of his two consecutive sentences and sought to have his parole eligibility recalculated. The petition further sought to prevent retroactive application of this Court's decision in *Robbins v. Freeman* to Plaintiff's parole eligibility as an unconstitutional *ex post facto* act and a violation of his due process and equal protection rights. All parties subsequently filed motions for summary judgment.

The undisputed evidence as presented in the petition and at the summary judgment hearing demonstrates Plaintiff is an inmate in the custody of the Department. Plaintiff began serving a Class B life sentence under the "Fair Sentencing Act" for first-degree rape and a consecutive eighteen-year sentence for second-degree kidnapping in January 1984.[3] Plaintiff was initially told by prison officials he would

---

1. Olander R. Bynum and Kerry McPherson did not file briefs in this Court, and we do not read Plaintiff's arguments as an attempt to argue on their behalf, as to do so would be to permit the unauthorized practice of law. *See* N.C.G.S. § 84-4 (2001). Accordingly, Olander Bynum's and Kerry McPherson's appeals are dismissed. *See* N.C.R. App. P. 13(c). Christopher Partin and Lee Wayne Hunt do not appeal.

2. As Plaintiff brought suit against the defendants in their official capacities, Secretary Beck, upon taking office, was automatically substituted for Acting Secretary Joseph Hamilton as a party to this case. *See* N.C.G.S. § 1A-1, Rule 25(f)(1) (2001).

3. The "Fair Sentencing Act" applies to offenses committed from 1981 through September 1994. *See* N.C.G.S. §§ 15A-1340.1 to -1340.7 (1993) (repealed effective October 1, 1994).

be eligible for parole on 8 December 2003, based on the required minimum service time of twenty years on the life sentence. This calculation was in accordance with the pre-*Robbins* Department and Commission policy of calculating parole eligibility separately for each sentence an inmate was serving.[4] This Court's 1997 decision in *Robbins*, however, requires parole eligibility for an inmate serving consecutive sentences to be calculated as if the inmate were serving a single term. *Robbins*, 127 N.C. App. at 164-65, 487 S.E.2d at 773. Under *Robbins*, the minimum term of imprisonment is calculated by adding together the minimum terms of consecutive sentences. *Id.*

The Commission applied *Robbins* to Plaintiff's consecutive sentences by adding the statutory minimum term of twenty years for the Class B life sentence to a minimum term, calculated for parole eligibility purposes, of two years and three months for the second-degree kidnapping sentence. This calculation delayed Plaintiff's parole eligibility until 8 March 2006. Furthermore, while the Department kept track of Plaintiff's "gain time," "meritorious time," and "good conduct" credits, they did not apply those credits to reduce the minimum service requirement of Plaintiff's life sentence, although those credits were applied in calculating Plaintiff's eligibility for parole on the eighteen-year sentence.

After a 1 November 1999 hearing, the trial court concluded, "there being no genuine issue of material fact presented, Defendant's summary judgment motion should be granted."

The issues are whether: (I) Plaintiff's claim of entitlement to "gain time," "meritorious time," and "good conduct" credits is a genuine issue of material fact; (II) the Commission erred by not reducing the minimum service requirement of Plaintiff's life sentence with "gain time," "meritorious time," and "good conduct" credits; (III) retroactive application of *Robbins* to Plaintiff's parole eligibility violates the constitutional prohibition against *ex post facto* laws; (IV) retroactive application of *Robbins* violates due process; and (V) Plaintiff has adequately established an equal protection claim based on disparate treatment between Class B and C felons under the Fair Sentencing Act.

---

4. This practice was known as a "paper parole" since the inmate was simply paroled from one sentence to the next consecutive sentence. *Robbins v. Freeman*, 127 N.C. App. 162, 165, 487 S.E.2d 771, 773 (1997), *aff'd per curiam*, 347 N.C. 664, 496 S.E.2d 375 (1998).

I

[1] Plaintiff first contends this case was not ripe for summary judgment because a material fact existed as to whether Plaintiff was entitled to "good conduct," "gain time," and "meritorious time" credits to be applied to his life sentence. We disagree.

A case is ripe for summary judgment where there is no genuine issue of material fact and any party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (2001). In this case, the material facts are not in issue. It is undisputed Plaintiff's parole eligibility date was recalculated and he was required to serve a longer term before becoming eligible for parole. It is also undisputed that Plaintiff is not receiving "good conduct," "gain time," or "meritorious time" credits applied to his life sentence. Whether Plaintiff has a legal right to have credits applied against his life sentence is a matter of law. Since no material facts are in dispute and the remaining issues are matters of law, this case was ripe for summary judgment. *See Pine Knoll Ass'n v. Cardon*, 126 N.C. App. 155, 158, 484 S.E.2d 446, 448 (1997) (summary judgment is appropriate in a declaratory judgment action where there is no genuine issue of material fact).

II

[2] Plaintiff next contends his parole eligibility date has been erroneously calculated by a failure to subtract "gain time," "meritorious time," and "good conduct" credits from the minimum term of his life sentence. We disagree.

Plaintiff is serving two consecutive sentences under the Fair Sentencing Act, the law applicable at the time Plaintiff committed the offenses. The first sentence is a Class B life sentence with parole eligibility after twenty years. *See* N.C.G.S. § 15A-1371 (a)(1) (1993) (repealed effective January 1, 1995). The second sentence is one for eighteen years that has been calculated, including projected credits, to require service of two years and three months before parole eligibility. These two minimum sentences were added together to create a combined minimum sentence of twenty-two years and three months before Plaintiff is eligible for parole.

Plaintiff argues this calculation is erroneous because his minimum twenty-year sentence does not include "good conduct," "gain time," and "meritorious time" credits. These credits would reduce Plaintiff's minimum required service on his life sentence, making him eligible for parole at an earlier date.

Section 148-13(b) of the North Carolina General Statutes gives the Secretary discretion to "issue regulations regarding deductions of time from the terms of . . . prisoners for good behavior, meritorious conduct . . . and the like" for Class A, B, and C felons. N.C.G.S. § 148-13(b) (1993) (repealed effective January 1, 1995). The Secretary has not issued regulations regarding deductions of time for Class A, B, and C felons. The statute does not mandate such regulations, and Plaintiff does not argue the Secretary has abused his discretion or failed to exercise his discretion by not promulgating regulations. *See Pharr v. Garibaldi*, 252 N.C. 803, 811-12, 115 S.E.2d 18, 24-25 (1960) (court will not intervene against prison commission and Director of Prisons while functioning as a state agency absent allegation of abuse of discretion); *see also Harwood v. Johnson*, 326 N.C. 231, 238, 388 S.E.2d 439, 443 (1990) (department of corrections, including parole commission, is a state agency). Since Plaintiff does not present to this Court any other authority for applying credits against his life sentence, Plaintiff's argument that his parole eligibility has been erroneously calculated must fail.

III

**[3]** Plaintiff contends application of *Robbins* to his consecutive sentences, resulting in a delay of two years and three months in his parole eligibility, violates constitutional prohibitions on *ex post facto* laws. We disagree.

The *ex post facto* clauses of both the U.S. and N.C. constitutions prohibit legislative action that "allows imposition of a different or greater punishment than was permitted when the crime was committed." *State v. Vance*, 328 N.C. 613, 620, 403 S.E.2d 495, 500 (1991).

Because the Fair Sentencing Act has undergone no substantive change subsequent to the commission of Plaintiff's crimes, it remains applicable in Plaintiff's case. The *Robbins* court simply construed an existing statute. A court's construction of a statute that is different from a state agency's prior interpretation is not an *ex post facto* legislative action. *See Rogers v. Tennessee*, 532 U.S. 451, 456, 149 L. Ed. 2d 697, 704 (2001) (*ex post facto* clause applies only to actions of the legislature, not judicial actions). Thus, Plaintiff cannot maintain an *ex post facto* clause violation claim.

IV

**[4]** Alternatively, Plaintiff argues the recalculation of his parole eligibility violated his due process rights because the *Robbins* decision

was "unforeseeable" and thus denied him the chance to accept a plea bargain for a term of years. Again, we disagree.

Judicial action must not be given retroactive effect if it is "unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue" such that it infringes on the "core due process concept[]" of "the right to fair warning." *Rogers*, 532 U.S. at 457-59, 149 L. Ed. 2d at 706; *see Glenn v. Johnson*, 761 F.2d 192, 195 (4th Cir. 1985) (where re-interpretation of a parole statute was based on the statute's clear language, the interpretation was "not only foreseeable but indeed was inescapable").

Assuming the *Robbins* decision was "unexpected," as it changed long-standing policy and practice of the Commission, it was not "indefensible by reference to prior law" since the decision rested on the express and unambiguous language of section 15A-1354(b)(2) of the General Statutes. *See Glenn*, 761 F.2d at 195; N.C.G.S. § 15A-1354(b)(2) (2001). Thus, this Court's decision in *Robbins*, retroactively altering Plaintiff's parole eligibility calculation, does not infringe upon his due process rights.

V

[5] Finally, Plaintiff contends disparate treatment between inmates with Class B and Class C life sentences under the Fair Sentencing Act results in a denial of equal protection of the laws. Unlike Class B life sentences, Class C life sentences are interpreted to be eligible to receive "good conduct" credit applied to the life sentence, which can reduce the minimum required service from twenty years to as little as ten years. *See* N.C.G.S. § 15A-1355(c) (2001).

Plaintiff's argument has no merit as Plaintiff admits inmates are not a "suspect class," *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989), and fails to show how this different treatment is not based on some "rational relation to a legitimate governmental objective," *Rosie J. v. N.C. Dept. of Human Resources*, 347 N.C. 247, 251, 491 S.E.2d 535, 537 (1997).

Accordingly, the trial court correctly granted summary judgment in favor of the Secretary and the Commissioner.

Affirmed.

Judges WYNN and BIGGS concur.