NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0211n.06

No. 09-6392

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 04, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
JOHN M. REDMOND, JR., ) THE EASTERN DISTRICT OF
) TENNESSEE
    Defendant-Appellant. )
)
)

Before: SUTTON and KETHLEDGE, Circuit Judges; HOOD, District Judge.[*]

KETHLEDGE, Circuit Judge. John Redmond took his 16 month-old son, Jaheim, on a Greyhound bus from Atlanta to Indianapolis. Redmond became so agitated during the trip that the bus driver feared for the child's welfare and called the police. Redmond initially gave the responding officer a series of fake names. The police eventually determined Redmond's true identity. They also discovered the reason Redmond was agitated: he was smuggling 26.3 grams of crack cocaine in Jaheim's diaper bag. Redmond was arrested and eventually pled guilty to possessing with intent to distribute over 5 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

---

[*]The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Redmond's presentence report recommended that he be designated a career offender under the Sentencing Guidelines based on two prior convictions for robbery in North Carolina. Over Redmond's objection, the district court adopted that recommendation. Over the government's objection, however, the court granted Redmond's motion to treat his cocaine as if it were powder rather than crack, as authorized by *Kimbrough v. United States*, 552 U.S. 85 (2007). As a result, Redmond's Guidelines range was 188 to 235 months. The court decided that range was too low, however, and ultimately sentenced Redmond to 265 months' imprisonment. Redmond appealed.

We review sentences for reasonableness, under an abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We review for clear error the district court's factual findings during sentencing. *See United States v. McCarty*, 628 F.3d 284, 289 (6th Cir. 2010).

Redmond first argues that the district court erred in treating him as a career criminal. The issue with respect to that designation is whether Redmond served time for both of his North Carolina robbery convictions within the 15-year window before the date of the offense at issue here, or whether instead he served time for only one of them. *See* U.S.S.G. § 4A1.2(e)(1). The first conviction occurred in 1991, the second in 1992. Redmond was given consecutive sentences for the offenses, but the state at first granted him a so-called "paper parole" for the 1991 conviction, with the result that he was deemed incarcerated only for the 1992 one. In 1997, however, the North Carolina courts ruled the paper-parole system illegal. *See Robbins v. Freeman*, 487 S.E.2d 771 (N.C. App. 1997), *aff'd*, 496 S.E.2d 375 (N.C. 1998). As a result, Redmond's paper parole was rescinded and his consecutive sentences for his 1991 and 1992 convictions were treated as a single term of imprisonment. *See id.* at 773. In the district court, the government therefore argued that Redmond

was incarcerated on both convictions from 1997 until his 1999 release. That would bring his incarceration for both convictions within the Guidelines' 15-year window, thereby requiring that both of them be counted for career-offender purposes. *See* U.S.S.G. § 4B1.2(e)(1).

The district court heard testimony on this issue from the probation officer who prepared Redmond's presentence report. The officer testified that Redmond was in fact incarcerated for both robbery convictions between the recision of his paper parole in 1997 and his 1999 release. The officer testified that he reached this conclusion based upon a letter from the North Carolina Parole Commission, a conversation with an administrative officer for the Commission, and a conversation with a representative of the North Carolina Attorney General's office. That testimony was plainly reliable enough for the district court to consider it under U.S.S.G. § 6A1.3(a). We also see no basis to disagree with, much less find clearly erroneous, the district court's conclusion that Redmond was in fact incarcerated for his 1991 and 1992 convictions between 1997 and 1999. We therefore reject Redmond's challenge to his designation as a career offender.

Redmond next argues that his sentence is procedurally unreasonable because the district court failed to explain why it departed upward from Redmond's Guidelines range. But Redmond overlooks much of what the district court said. First, the court said that Redmond's attempted use of his infant son as cover for smuggling drugs was morally indefensible. The court also noted Redmond's "very, very extensive" criminal history, which included a large number of drug offenses as well as several "very, very serious criminal offenses." The court then said that it felt the need to protect the public from the "misery" spread by Redmond's drug trafficking, in which he had been

engaged for much of his life.  The district court adequately articulated its reasons for imposing the sentence that it did.  *See United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Finally, Redmond argues that his sentence is substantively unreasonable because it is longer than needed to serve the goals of 18 U.S.C. § 3553(a).  Again, we disagree.  Redmond endangered his own infant son by directly involving him in the drug trade.  That conduct alone renders this case exceptional.  *See United States v. Herrera-Zuniga*, 571 F.3d 568, 582 (6th Cir. 2009).  All the other factors recited by the district court supported an upward departure as well.  The district court did not abuse its discretion in any respect.

The district court's judgment is affirmed.